IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02071-RBJ-KMT

CLAUDIA MITCHELL,

Plaintiff,

v.

RICARDO FLORES MAGÓN ACADEMY, INC.,
a Colorado nonprofit corporation and public charter school, and
MARCOS MARTÍNEZ, in his individual capacity,

Defendants.

## STIPULATED PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, and to provide procedures to govern the inadvertent disclosure of privileged or protected information,

IT IS ORDERED:

1.     This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.     As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

2101581.1

   3. Information designated as "CONFIDENTIAL" shall be information that is confidential, and which implicates common law or statutory privacy interests of (a) plaintiff; (b) current or former employees and/or agents of Ricardo Flores Magón Academy, Inc. ("RFMA"); (c) current or former students of RFMA; (d) RFMA; and (e) Marcos Martínez. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

   4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties, including designated representatives for RFMA;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e) the Court and its employees ("Court Personnel"), or the jury;

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g) deponents, witnesses, or potential witnesses;

       (h)    any person shown on the face of the document to have authored or received it;

       (i)    any insurer who is providing coverage for the claims asserted against Defendants; and

       (j)    other persons by written agreement of the parties.

5.    Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL," or by sending a letter or email to opposing counsel identifying the document as confidential. Before designating a document as confidential, counsel must possess a good faith belief that the document is confidential and entitled to protection.

6.    Producing or receiving materials or otherwise complying with the terms of this Protective Order shall not:

    a. operate as an admission by any party that any particular discovery material contains or reflects any CONFIDENTIAL information or a trade secret under applicable law;

    b. prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise;

    c. prejudice in any way the rights of a party to seek a determination from the Court regarding whether particular discovery materials should be produced; or

    d. prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of information as that party may consider appropriate.

  7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

  8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as

CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

9. If a party wishes to include CONFIDENTIAL information in a court filing, the CONFIDENTIAL information shall be filed under seal pursuant to D.C.COLO.LCivR 7.2.

10. The following stipulations and procedures will govern the inadvertent disclosure of materials protected by the attorney-client privilege, work product doctrine, or other privilege or immunity:

a. In the event any documents are produced that the producing party later reasonably and in good faith claims are protected by the attorney-client privilege, work product doctrine, or other privilege or immunity, the producing party shall inform the receiving party in writing of the asserted privilege and the factual basis therefore. The receiving party shall, within five (5) business days of receipt of such notice, return the original to the producing party, and after making a good faith search, destroy all known copies thereof and delete any known copy of the documents, or any portion thereof, from any word processing or data base tape or disk it maintains. The receiving party also agrees to delete or destroy any additional copies of such documents of which it might become aware in the future. The receiving party will in no manner examine the documents over which privilege is asserted after receiving notice of the asserted privilege.

b. If during the receiving party's review of documents from the producing party, the receiving party discovers a document that appears on its face to be protected by the attorney-client privilege, work product doctrine, or other privilege or immunity, the receiving party shall, within two (2) business days call the attention of the producing party to the

document(s). If the producing party claims a privilege over the documents, it must give the notice required by subparagraph (a) within three (3) business days thereafter, from receipt of which subparagraph (a) will govern the receiving party's obligations.

        c.      Inadvertent production of privileged, work product protected, or immune documents in the course of discovery in this action shall not constitute a waiver of any privilege, work product protection, or immunity, either as to the produced document or as to any other documents or communications.

        d.      Return of information for which the producing party has asserted a claim of privilege, work product protection, or immunity under this paragraph shall be without prejudice to the receiving party's right to seek an order from the Court directing production of the information on the ground that the claimed privilege, work product protection, or immunity is invalid; provided, however, that mere production of the information in the course of this action shall not be a ground for asserting waiver of the privilege, protection, or immunity.

        e.      If a document is identified as protected by the attorney-client privilege, work product doctrine, or other privilege in accordance with subparagraphs (a) and/or (b) above, the receiving party shall not make any use of the document or its contents, including, without limitation, as part of any publicly available court filing, and shall hold it in the strictest of confidence, unless and until the Court directs the production of the information as provided for in subparagraph (d) above.

11.     The effect of this Order continues after the conclusion of all trial and appellate proceedings, and upon request, all documents designated as CONFIDENTIAL shall be returned to the designating party's counsel within sixty (60) days of the conclusion of the proceedings in

the case; provided, however, that counsel for each party may retain one copy of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents.

12.    This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 2nd day of December, 2011.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge